```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      CHARLESTON
```

**CHRISTOPHER L. MARTIN and**
**AMANDA MARTIN, his wife; and**
**MATTHEW A. HISSAM,**

    **Plaintiffs,**

**v.**                          **Case No. 2:05-cv-00397**

**EASTERN STEEL CONSTRUCTORS,**
**INC., and C.J. MAHAN CONSTRUCTION**
**COMPANY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Sanctions, filed February 16, 2007. (Docket # 215.) Defendant C.J. Mahan Construction Company ("Mahan") responded on February 26, 2007. (# 222.)

Procedural History

Plaintiffs originally filed a motion to compel on October 18, 2006, seeking an order compelling Mahan's responses to Plaintiffs' first set of interrogatories and requests for production of documents. (# 117.) Plaintiffs also sought an award of fees and costs. Mahan did not respond to the motion, and on November 22, 2006, the court granted the motion and directed Mahan to file full and complete responses to the discovery on or before December 7, 2006. The court noted that a number of discovery motions had already been filed in the case. In the order, the court granted Plaintiffs leave to file an application for reasonable expenses,

including attorney's fees, incurred in prosecuting the motion, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure. (# 133.)

On November 27, 2006, Mahan served its Third Supplemental Responses to Plaintiffs' first set of discovery requests (# 134), but Mahan did not fully respond to Plaintiffs' first set of discovery by December 7, 2006. Instead, on December 7, 2006, Mahan filed a motion to reconsider in which it asked the court to reconsider its November 22, 2006, order in light of the fact that Plaintiffs' motion to compel was not filed in a timely manner pursuant to Local Rule 37.1(c). Mahan raised a number of other arguments and requested that, in any event, it be provided additional time to comply with the November 22, 2006, order because of the holidays. (# 148.)

On December 19, 2006, the court entered an order notifying the parties of a hearing on January 3, 2007, at which the court would take up any outstanding discovery disputes. (# 151.) On January 2, 2007, Plaintiffs submitted a summary of outstanding discovery disputes. As to Mahan, Plaintiffs identified information and documents requested in the first set of interrogatories and requests for production of documents, including OSHA complaints, photographs and material obtained from third parties related to the accident at issue, photographs of the job-site and insurance claim documentation.

On January 3, 2007, the court conducted a hearing. As to Plaintiffs' motion to compel (# 117), Plaintiffs indicated they had received some documents, which Mahan represented were complete, but which Plaintiffs believed were incomplete. The court indicated it had lost patience with the way discovery had been conducted in the case. The court stated it had expressed this in its orders, which apparently were not being followed. The court indicated at the hearing that Mahan's response as to the OSHA complaints was not adequate. In its order entered January 3, 2007, the court took Plaintiffs' motion to compel (# 117) under advisement as to the OSHA documents (although the motion had been granted on November 22, 2006); the court noted at the hearing that Mahan had given up its ability to further object to this request. The order also indicated that the motion, insofar as it related to photographs and material obtained from third parties, had been resolved. The order provided that photographs of the job site during the construction project would be produced by January 5, 2007. Also, Mahan had produced its copies of documents relating to its insurance claim; other documents would be sought by Plaintiffs by subpoena from the insurance company. (# 160.) In this same order, the court denied Mahan's motion to reconsider. (# 160.) At the hearing, Mahan argued that Plaintiffs' motion to compel (# 117) had been filed outside the thirty-day deadline provided in Rule 37.1(c). The court rejected this argument, noting that Mahan had not bothered to

respond to the motion and had otherwise not cooperated in discovery.

On January 10, 2007, Plaintiffs filed an amended[1] motion for reimbursement of fees. (# 167.)

On January 10, 2007, the court conducted another hearing. Regarding the OSHA records, the court ordered Mahan to produce responsive documents, though it would need additional time because of the family illness of the Mahan employee who would collect the information. Mahan indicated it would use its best efforts to produce the documents by January 24, 2007, and in any event, by January 31, 2007. This ruling was reflected in the court's order entered January 11, 2007. In the order, the court also granted Plaintiffs' motion to compel (# 117) (again). Regarding Plaintiffs' motion for attorney's fees, Mahan's counsel took full responsibility, relieving his client of any responsibility for the discovery dispute. The court also set a briefing schedule for the response and reply to the motion for fees. (# 169.)

On January 31, 2007, the court conducted another hearing. Plaintiffs' counsel indicated he had still not received the OSHA documents. The court noted they were due today, and Mahan indicated it would produce them. The court heard argument from Mahan and Plaintiffs about the reasonableness of Plaintiffs' motion for attorney's fees. In its order entered January 31, 2007, the

---

[1] The original motion did not include all attachments. (# 163.)

court warned Mahan that continued delays and failures may subject Mahan executives to an evidentiary hearing concerning these discovery matters, and such other sanctions as may be appropriate. (# 188.)

On February 7, 2007, the court granted Plaintiffs' Motion for attorney's fees (# 163) for billing entries from August 31, 2006, through October 18, 2006, all of which entries reflect time spent on matters related to the original motion to compel (# 117). As to time entries after October 18, 2006, through January 3, 2007, the court indicated Mahan did not comply with the court's order of November 22, 2006, thus implicating Rule 37(b). The court found that

> Mahan did not comply with the court's Order of November 22, 2006. Mahan did not file an objection to the Order, asserting that it was "clearly erroneous," the standard set forth in Rule 72(a). On December 7, 2006, it filed a Motion to Reconsider. Mahan did not seek a stay of the Order. LR Civ P 72.2 provides: "When an objection to a magistrate judge's ruling on a non-dispositive pretrial motion is filed pursuant to FR Civ P 72(a), the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or by a district judge." If a magistrate judge's order is not stayed by the filing of an objection asserting that the order is "clearly erroneous," then surely a magistrate judge's order is not stayed by the filing of a motion to reconsider.

(# 200, p. 10.) Because it was possible Plaintiffs had incurred additional expenses and attorney's fees in connection with Mahan's failure to comply with the November 22, 2006, order, the court denied the motion for attorney's fees without prejudice as to entries on and after November 23, 2006, and granted Plaintiffs

leave to file a motion for sanctions. (# 200, p. 10.) Plaintiffs filed the instant Motion for Sanctions on February 16, 2007.

Arguments of the Parties

In their Motion for Sanctions, Plaintiffs seek an award of sanctions against Mahan pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs seek an award of fees for work performed from November 23, 2006, through February 6, 2007 totaling 11.5 hours. At $200.00 per hour, Plaintiffs seek an award of $2,300.00. (# 215-3.) Plaintiffs assert that instead of complying with the court's order entered November 22, 2006, Mahan filed a motion to reconsider. Plaintiffs argue that this did not comply with Rule 72(a)'s requirement for filing an objection to the undersigned's order and, Mahan failed to seek a stay of the order. Because Mahan did not timely produce the documents pursuant to the November 22, 2006, order, Plaintiffs assert Mahan violated the court's order, thereby entitling them to attorney's fees and costs. (# 215, p. 2.) Plaintiffs further assert that while Mahan eventually was permitted additional time to produce the information, they failed to produce OSHA documents by January 31, 2007, as ordered. Plaintiffs represent that Mahan filed a certificate of service on January 31, 2007, indicating documents had been mailed via United States mail, but Plaintiffs did not receive any documents on that date or within several days of that date. (# 190.) When Plaintiffs' counsel contacted counsel for

Mahan about this on February 2, 2007, counsel for Mahan asserted that the documents had been mailed. Plaintiffs did not receive the OSHA documents until February 12, 2007. (# 215, pp. 2-3.) Plaintiffs assert that Mahan also filed a certificate of service on February 7, 2007, for supplemental answers to Plaintiffs' third set of discovery requests, but Plaintiffs received them by hand delivery on February 15, 2007. (# 215, p. 3.)

In response, Mahan argues that it did not violate the court's November 22, 2006, order. Mahan asserts that the court held a discovery hearing on January 3, 2007, at which the court denied Mahan's motion to reconsider the court's November 22, 2006, order. Mahan asserts that during the hearing, the court took Plaintiffs' motion under advisement as to OSHA material. Mahan argues that the court "would not have needed to consider the Plaintiff's Motion to Compel if C.J. Mahan was already in violation of its prior Order." (# 222, p. 2.) In addition, Mahan asserts that by order dated January 11, 2007, the court granted Plaintiffs' motion to compel and directed Mahan to respond by January 31, 2007. Mahan also points out that in its order dated January 11, 2007, the court did not find Mahan in violation of its November 22, 2006, order. Finally, Mahan asserts that it produced the information as ordered on January 31, 2007. (# 222, p. 2.) As to Plaintiffs' assertion that the OSHA documents were not received on January 31, 2007, Mahan does not concede that the documents were not served and

argues that "[a]ny reasonable lawyer would simply call and request another copy upon receiving a certificate of service for documents he did not receive." (# 222, p. 4.)

Analysis

Rule 37(b)(2) of the Federal Rules of Civil Procedure directs that

> [i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) and 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, ..., the court in which the action is pending may make such orders in regard to the failure as are just ... [including the entry of an order requiring] the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).

The court finds that Mahan failed to comply with the court's November 22, 2006, order granting Plaintiffs' motion to compel and that such failure was not substantially justified. (# 117.) The order specifically directed that Mahan provide full and complete responses to Plaintiffs' first set of interrogatories and requests for production of documents on or before December 7, 2006. While Mahan apparently produced some responsive information on November 27, 2006, Mahan did not fully respond by the deadline. Instead, on December 7, 2006, Mahan filed the motion to reconsider. As the court has indicated before, Mahan did not file an objection to the court's order pursuant to Rule 72(a). Even if it had filed an

objection, pursuant to Rule 72(a), the court's order remains in full force and effect unless and until it is stayed by the magistrate judge or the district judge. The order entered November 22, 2006, was never stayed. Clearly, the motion to reconsider did not have the effect of staying the order. Mahan has offered no case law or other legal support to the contrary.

It is true that the court dealt with issues related to Plaintiffs' motion to compel on multiple occasions after December 7, 2006, and eventually granted Mahan until January 31, 2007, to produce the OSHA documents. However, this does not negate the fact that Mahan violated the court's November 22, 2006, order in the first instance; thereby necessitating the revisiting of the motion to compel on subsequent occasions after the original order on November 22, 2006.

Mahan argues that the court would not have needed to consider Plaintiffs' motion to compel on January 3, 2007, if Mahan was already in violation of the court's November 22, 2006. (# 222, p. 2.) Quite the contrary, at the January 3, 2007, hearing, the court *was forced to* deal with Plaintiffs' motion to compel again because Mahan had not complied with the court's November 22, 2006, order.

Mahan further argues that if the court believed Mahan was in violation of its order, it would have said so. (# 222, p. 2.) The court has stated on multiple occasions that Mahan has violated

9

orders, both generally and specifically. At the hearing on January 3, 2007, the court indicated it had lost patience with the way discovery was being conducted and that its orders were not being read or followed. The court told Mahan it had waived its right to object to the substance of the discovery sought by Plaintiffs regarding the OSHA information in light of its failure to respond to the motion to compel and otherwise cooperate in discovery. On January 31, 2007, the court warned at the hearing and in its order that continued delays and failures by Mahan to produce its discovery responses may subject Mahan's executives to an evidentiary hearing concerning these matters and other sanctions. (# 188.) In its order dated February 7, 2007, the court again indicated Mahan had not complied with the November 22, 2006, order. (# 200, p. 10.)

Because the court has concluded that Mahan violated the November 22, 2006, order, the court finds it unnecessary to address Plaintiffs' assertion that the documents were not actually served by Mahan on January 31, 2007, as the court's January 11, 2007, order directed. It would seem to the court that the most prudent course would have been for Mahan to hand-deliver the documents on January 31, 2007, to ensure complete compliance with the court's order, particularly in light of the history. However, the court never specified this was required and, in making a determination as to whether the documents were mailed but lost or not mailed at all

10

would be a difficult and time consuming undertaking.

Based on the above, the court finds that Mahan violated the court's November 22, 2006, order, that such failure was not substantially justified and that there are no other circumstances that make an award of attorney's fees unjust. The court further finds that the fees requested by Plaintiffs for work performed from November 23, 2006, through February 6, 2007, are reasonable.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Sanctions is **GRANTED**. Mahan's counsel shall pay Plaintiffs $2,300.00 on or before the close of business April 13, 2007.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: March 29, 2007

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge